[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, Jeffery Fisher, was injured on August 28, 1987 when assaulted by the defendant, Daniel Yonkers. At the time of his injuries, the plaintiff was a member of the Waterbury police department as a police officer working on private duty at Sears in the Naugatuck Valley Mall.
On the date in question, the defendant was observed committing a larceny at the mall and was apprehended by the plaintiff and his partner, Officer Robert Henderson. After being taken to the Sears security office, the defendant assaulted the plaintiff causing personal injuries. On March 11, 1988, Mr. Yonkers plead guilty to larceny in the sixth degree, Section53a-125b and interfering with a police officer, section 53a-167a. By reason of his plea of guilty and the evidence before the court, the plaintiff has sustained his burden of proof on the issue of liability and the court finds that the actions of the defendant CT Page 1226 were wilful, wanton and intentional.
As a result of the assault Mr. Fisher sustained contusions and abrasions of his neck and left arm as well as a fracture of his right hand. The intervening plaintiff, City of Waterbury provided workman's compensation and paid the plaintiff $15,393.99 consisting of medical of $5,303.39, wages of $6,018.19, permanent partial disability of $3,137.60 and scarring of $933.81. The plaintiff was disabled from work from August 28, 1987 to January 5, 1988. His average weekly wage was $466.91 and therefore he lost $8,404.38 for which he received $6,018.19. Dr. Hendrikson gave an estimate of 4% permanent partial disability of the plaintiff's right hand. Mr. Fisher was born on February 24, 1964 and therefore has an average life expectancy of 46 years.
From the evidence, the court finds that the intervening plaintiff, City of Waterbury is to recover of the defendant $15,392.99, and that the plaintiff, Jeffrey Fisher recover $25,000.00 together with costs.
The defendant having presented no evidence, judgment shall enter for the plaintiff on the counterclaim.
PICKETT, J.